[820 NYS2d 522]

In the Matter of DAVID A. FEINERMAN (Admitted as DAVID ALAN FEINERMAN), an Attorney, Resignor.

Second Department, September 12, 2006

## APPEARANCES OF COUNSEL

*David A. Feinerman,* Brooklyn, resignor pro se.

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

## OPINION OF THE COURT

Per Curiam.

David A. Feinerman has submitted an affidavit dated March 23, 2006, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Feinerman was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 26, 1986, under the name David Alan Feinerman.

Mr. Feinerman avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Feinerman is aware that he is the subject of an investigation by the Grievance Committee into allegations that he, inter alia, engaged in a pattern and practice of improperly deducting litigation expenses from his clients' share of personal injury settlement proceeds. He acknowledges his inability to successfully defend himself on the merits against any charges predicated upon the misconduct under investigation.

Mr. Feinerman avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to that statute could be entered as a civil judgment against him. Mr. Feinerman specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of Mr. Feinerman's resignation.

Inasmuch as the proffered resignation conforms to the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, David A. Feinerman, admitted as David Alan Feinerman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that the resignation of David A. Feinerman, admitted as David Alan Feinerman, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David A. Feinerman, admitted as David Alan Feiner-

man, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David A. Feinerman, admitted as David Alan Feinerman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David A. Feinerman, admitted as David Alan Feinerman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if David A. Feinerman, admitted as David Alan Feinerman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and that Mr. Feinerman shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).